SMITH, Judge.
Suit was filed by William David Owens, Jr., individually and for and on behalf of his minor son, Michael W. Owens, against Cecil T. Chandler, driver of a dump truck, Bossier Parish Police Jury, his employer, and Maryland Casualty Company, insurer of the Bossier Parish Police Jury. The case was tried before a jury at the request of plaintiffs and the jury rejected plaintiffs’ demands. We affirm.
Plaintiffs sought damages for personal injuries and related expenses resulting from the collision of Michael Owens’ Honda 175 motorcycle and a dump truck belonging to the Police Jury. The accident occurred August 2.6, 1970 on a two-lane blacktop rural road in Bossier Parish designated as Highway 612 and known as the Sligo Road. Owens was traveling in an easterly direction with another 15 year old boy riding behind him on the motorcycle. As he approached the intersection of a road leading south into the Montgomery Plantation from Highway 627, the dump truck, operated by Cecil Chandler, was slowing to make a left turn ahead of him. The motorcycle struck the rear bed of the truck causing serious injuries to Owens and his passenger.
The preponderance of the evidence shows the speed of the motorcycle was between 60 and 65 miles per' hour as it rounded the curve and crossed the bridge just prior to the accident. Owens took no precautionary measures on seeing the loaded truck which was obviously slowing for some purpose. Although it is a point of dispute, the preponderance of the evidence shows the left turn indicator of the truck was on at the time it began the turn. The jury could reasonably find that the motorcycle was not already in the passing lane when the truck began to turn and that because of its speed, the truck driver would not necessarily have seen the motorcycle if he looked to his rear prior to the beginning of his left turn. Owens was at least guilty of contributory negligence which was properly pled in the alternative.
It is not necessary to determine the nature of the road into Montgomery Plantation since it is not critical to the issue of negligence whether the road was a public or private road.
Whether the motorcycle was passing in a prohibited zone is not the underlying basis of Owens’ negligence. He was not operating his motorcycle at an appropriate speed and did not use reasonable care, in view of the circumstances, after sighting the truck. The jury could have reasonably believed that Chandler was not guilty of any negligence or that Owens was contributorily negligent.
There appears to be no manifest error shown by the evidence in the record, and the judgment is affirmed at appellants’ cost.